614 S.E.2d 634

**In the Matter of Theo W. MITCHELL, Respondent.**

**No. 25993.**

Supreme Court of South Carolina.

Submitted May 6, 2005.

Decided June 6, 2005.

Henry B. Richardson, Jr., Disciplinary Counsel, and Barbara M. Seymour, Senior Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Theo W. Mitchell, of Greenville, pro se.

PER CURIAM:

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to either an admonition or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## *FACTS*

Respondent operates a solo practice in Greenville. Respondent employs Anthony Kinsey, a lawyer not licensed to practice law in South Carolina. On June 18, 2004, the Commission on Lawyer Conduct issued a letter of caution to respondent advising him that his reference to Mr. Kinsey as an attorney in communications was misleading. The letter of caution also advised respondent that his use of the firm name "Theo Mitchell & Associates" and his reference to "attorneys and counselors at law" in his communications was misleading if there were no associates or attorneys in his employ. The letter of caution also advised respondent that he should be more careful to adhere to the guidelines set forth in Rules 7.1, 7.5(a), and 7.5(d) of the Rules of Professional Conduct, Rule 407, SCACR.

After receiving the letter of caution, respondent continued to use the word "associates" in his firm name and to refer to "attorneys and counselors at law" on his letterhead even though he employed no licensed attorneys other than himself. It was not until receipt of the Notice of Full Investigation in this current matter that respondent discontinued the use of "Theo Mitchell & Associates, Attorneys and Counselors at Law" in his communications.

Respondent now acknowledges that his continued use of the term "associates" and the phrase "attorneys and counselors at law" could have misled clients about Mr. Kinsey and other staff members' status in the law firm.

### LAW

Respondent admits that he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 7.1 (lawyer shall not make false, misleading, deceptive or unfair communications about the lawyer or his services); Rule 7.5(a) (lawyer shall not use a firm name, letterhead, or other professional designation that violates Rule 7.1) and Rule 7.5(d) (lawyer may state or imply he practices in a partnership or other organization only when that is the fact). Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

### CONCLUSION

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.